Dante V. CAMASTRO, Petitioner,

v.

**DEPARTMENT OF JUSTICE,**
Respondent.

No. 00–3411.

United States Court of Appeals,
Federal Circuit.

Dec. 4, 2001.

Before MICHEL, CLEVENGER, and GAJARSA, Circuit Judges.

PER CURIAM.

Dante V. Camastro ("Camastro") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his Individual Right of Action ("IRA") for lack of jurisdiction. *See Camastro v. Dep't of Justice*, No. PH1221990082W1, slip op. at 6 (April 2, 1999). Because we agree that the statutory prerequisites for Board jurisdiction over an IRA have not been met, we *affirm*.

## BACKGROUND

The facts of this case are somewhat convoluted. It begins on July 20, 1998, when Camastro filed an IRA with the Board alleging that his employer, the Department of Justice ("Agency"), retaliated against him for whistleblowing activity. Camastro's action alleged that the Agency wrongfully discharged him in 1992, at least in part in retaliation for his claim for disability benefits under the Federal Employees' Compensation Act ("FECA") and that, after his 1996 Board-ordered restoration to employment, the Agency retaliated against him by, *inter alia*, removing him on September 26, 1997, for, successively: prevailing in his appeal to the Board seeking restoration, for later filing a petition for enforcement, and ultimately for disclosing official corruption and misappropriation of funds to the Office of Special Counsel ("OSC") on November 11, 1996.

Camastro's "restoration" appeal was filed long after he ceased working for the Department of Justice as a GS–11 physician's assistant at the Federal Correctional Institution in Loretto, Pennsylvania ("FCI–Loretto"). On July 14, 1992, in the course of his first year of employment at FCI–Loretto, Camastro slipped and sustained an injury to his back. That same day, Camastro filed an FECA claim relating to this slip-and-fall. While the FECA claim was pending, the Agency removed Camastro on July 24, 1992, while he was still in his probationary period.

On June 22, 1993, Camastro made an effective request for restoration, having been "fully recovered" within one year from the date his Office of Workman's Compensation Program benefits began. On March 19, 1996, Camastro filed an appeal with the Board alleging that the Agency failed to restore him to his position pursuant to his June 1993 request. The Agency's action was reversed. *See Camastro v. Dep't of Justice*, No. PH0353960268I1 (Initial Decision July 31, 1996). The administrative judge directed the Agency to cancel the appellant's separation from employment and restore him to employment within 20 days of the initial decision becoming final. *Id.* at 9. The administrative judge also awarded the appellant back pay and benefits. *Id.*

Camastro filed a petition for enforcement with the Board on November 8, 1996, and an amended petition on November 14, 1996, asserting that, although the Agency had reemployed him and sent him back pay, it had failed to restore him to his duties as a physician's assistant and failed to comply with the Board's final decision in numerous other respects. The administrative judge concluded that the Agency had

not fully complied with the Board's order and recommended that the Board enforce the final decision. *See Camastro v. Dep't of Justice*, No. PH0353960268C1 (Recommendation April 29, 1998).

While the petition for enforcement was pending, on September 27, 1997, the Agency removed the appellant from employment for a second time. On October 9, 1997, Camastro appealed this removal decision to the Board. That appeal was dismissed, however, because Camastro and the Department of Justice had meanwhile reached a settlement agreement.[1] *Camastro v. Dep't of Justice*, No. PH07529800029I1 (Initial Decision January, 22, 1998).

On July 20, 1998, Camastro filed an IRA seeking relief under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8), for retaliatory acts allegedly committed by the Agency. On April 2, 1999, the IRA was dismissed because Camastro had failed to make a nonfrivolous allegation of Board jurisdiction. *See Camastro v. Dep't of Justice*, MSPB Docket No. PH1221990082W1 (April 2, 1999). The administrative judge found that Camastro was also barred by *res judicata* from raising the allegation of retaliation for filing an FECA claim, because his restoration claim had been adjudicated on the merits and Camastro, therefore, was barred from re-litigating any argument or issue that was raised or could have been raised in the prior proceeding. The full Board declined to review the initial decision on June 15, 2000, rendering the administrative judge's decision final. This appeal followed.

## DISCUSSION

The petitioner bears the burden of establishing that the Board has jurisdiction over an IRA. *See* 5 C.F.R. § 1201.56(a)(2)(i). More specifically, petitioner must show that he has (1) exhausted his administrative remedies before the OSC and (2) must make non-frivolous allegations that (a) he engaged in whistleblowing activity by making a "protected disclosure" under 5 U.S.C. § 2302(b)(8), and (b) the disclosure was a contributing factor in the Agency's decision affecting him to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Yunus v. Dep't of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed.Cir.2001). Here, the Board found Camastro's allegations insufficient to establish jurisdiction. *See Camastro*, No. PH1221990082W1, slip op. at 6. We agree, for he either made disclosures not protected by the Act, or did not exhaust his administrative remedies before the OSC.

■ As both parties recognize, this court has held that an employee's filings in the exercise of his appeal rights cannot constitute protected disclosures under the WPA. *See Spruill v. Merit Sys. Prot. Bd.*, 978 F.2d 679, 689–92 (Fed.Cir.1992). Accordingly, to the extent that Camastro's claim of retaliation was based upon his filings before the Board, he did not make a protected disclosure under § 2302(b)(8). *See id.*

■ Thus, Camastro agrees that his exercise of his right to appeal to the Board following the Agency's refusal to restore him falls outside the ambit of § 2302(b)(8). The crux of his argument for Board jurisdiction over his IRA claim, instead, lies in

---

1. The agreement provided that Camastro would file an application for disability retirement; the appeal would be dismissed without prejudice; if Camastro's application for disability retirement were approved, his personnel records would be amended to reflect retirement rather than removal; and if Camastro's application were not approved, he would be entitled to refile his appeal. Camastro's subsequent application for disability retirement was, in fact, granted.

the retaliation against him by the Agency for disclosing to the OSC alleged Agency violations of law, gross mismanagement, gross waste of funds, and abuse of authority. This shift in position, however, does not save Camastro's claim, as this aspect of the claim also fails a jurisdictional test.

As the appellant must first exhaust his administrative remedies before the OSC, *see Yunus,* 242 F.3d at 1371, he must inform the Special Counsel of the *precise ground* of his charge of whistleblowing; otherwise, the Board is precluded from considering it and the charge "therefore cannot serve as a basis for Board jurisdiction over [the] appeal." *See Ward v. Merit Sys. Prot. Bd.,* 981 F.2d 521, 526 (Fed.Cir. 1992) (citing 5 U.S.C. § 1214(a)(3)).

In this case, Camastro did file with the OSC; however, he did not allege to the Special Counsel that the Agency had retaliated against him for disclosing information to the OSC, the ground upon which Board jurisdiction over his whistleblowing claim is now sought to be based. Rather, in his November 11, 1996, complaint to the OSC, Camastro alleged that he had been retaliated against for succeeding in his 1996 restoration appeal before the Board, decided on July 31, 1996. Camastro never asserted to the OSC that he was improperly removed by the Agency for his disclosures to the OSC.[2]

In fact, Camastro filed his OSC complaint on November 11, 1996, more than nine months before his (second) removal on September 26, 1997. In order for Camastro to have met the OSC exhaustion requirement and to thereby vest the Board with jurisdiction, he would have had to file a complaint with the OSC stating that he had been fired in retaliation for prior disclosures to the OSC. But he never did this. Because Camastro did not first inform the Special Counsel of the precise ground of the charge of whistleblowing later asserted as affording the Board jurisdiction over the IRA, the Board does not have jurisdiction to hear this aspect of his claim.

### CONCLUSION

Because Camastro did not satisfy the statutory requirements for jurisdiction as to any aspect of his IRA, the Board properly dismissed his whistleblowing claim for lack of jurisdiction. Thus, we affirm.

---

**2.** The disclosures to OSC included, among other things, that the Agency misappropriated funds by failing to pay him the Spanish-speaking bonus to which he was entitled and by paying such bonuses to other, nonqualified employees. Again, even if this were found to be a protected disclosure, Camastro did not exhaust his remedies before the OSC for the grounds on which he now asserts Board jurisdiction.